Honorable Jeremiah C. Lynch
Federal Magistrate Judge
Missoula Division
Russell E. Smith Courthouse
201 East Broadway, Room 370
Missoula, MT  59802

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

_____

MICHAEL BAPTISTE,

           Plaintiff,

     vs.

STATE OF MONTANA;
WESTERN MONTANA MENTAL HEALTH;
and BOB PARCELL of the Sheriff's
Department in Missoula County,

           Defendants.

CAUSE NO. CV 06-122-M-JCL

ORDER, and
FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE

_____

## I.  INTRODUCTION AND *IN FORMA PAUPERIS* APPLICATION

Plaintiff has filed a Complaint together with an Application to Proceed In Forma Pauperis.  Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Because it appears Plaintiff lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis is **GRANTED**.  This action may proceed without prepayment of the filing fee.

The federal statute under which leave to proceed in forma pauperis is permitted also requires the Court to conduct a

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE/ PAGE 1

preliminary screening of the allegations set forth in the Complaint.  The statute states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
>> (A) the allegation of poverty is untrue; or
>>
>> (B) the action or appeal–
>>
>>> (I) is frivolous or malicious;
>>>
>>> (ii) fails to state a claim on which relief may be granted; or
>>>
>>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).  Accordingly, the Court will review Plaintiff's Complaint to consider whether it can survive dismissal under these provisions.  *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II.  **PLAINTIFF'S ALLEGATIONS**

The substance of Plaintiff's Complaint requests injunctive relief preventing Defendants from further controlling or interfering with his life.  Generally, Plaintiff complains about the quality of the care he is receiving from Missoula Mental Health.  He contends its treatment of him is very destructive to his life and, therefore, he requests a ruling preventing the State of Montana and Missoula Mental Health from having any further control over his life.

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE/ PAGE 2

On a somewhat related matter, Plaintiff's Complaint also alleges Sheriff Officer Bob Parcell has been harassing him. Plaintiff seeks a ruling preventing any such further harassment.

The Court summarizes the details of Plaintiff's allegations as follows:

Defendants' alleged control over Plaintiff's life apparently began when a state court judge subjected him to a mental health commitment at the state hospital for a period of 5 years. Plaintiff states he has no mental health illness, but rather he has some psychological issues stemming from his childhood years when he was homosexually raped.

Plaintiff's mental health commitment was initiated as a result of felony charges filed against him in 1998. Plaintiff advises the felony charges are factually unsupported.

Plaintiff's Complaint describes some of the conditions of his treatment while at the state hospital. Due to his childhood homosexual abuse issues he had some traumatic experiences from being exposed to phallic-shaped food and objects at the state hospital. However, Plaintiff does not expressly identify any legal claims stemming from his confinement at the state hospital.

After serving the 5-year commitment at the state hospital Plaintiff was then apparently subjected to an additional 5 years of "control" to be exercised over him by Missoula Mental Health beginning in 2003. He alleges his 5 years at the state hospital,

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE/ PAGE 3

and now his 5 years at Missoula Mental Health constitutes "illegal control of his life" because he never committed any crime as alleged in the 1998 felony charges.

Plaintiff seeks to terminate the State's purported control over him because he alleges Missoula Mental Health is not providing proper care for him, and that its treatment of him is very destructive to his life.  His Complaint then identifies several examples of his experiences and what he considers to be improper treatment of him.  He concludes that Missoula Mental Health refuses to recognize his experiences as real life experiences, and instead it has told him they are merely mental health or psychological issues.  He also states Missoula Mental Health presents phallic-shaped items to him which cause him trauma due to his childhood sexual abuse experiences.

As a separate matter Plaintiff complains Bob Parcell has been surveilling him to the point of harassment.  Specifically, Plaintiff states Parcell was holding a camera taking pictures of him one day when he was on U.S. Forest Service property.

Plaintiff's request for relief is very limited.  He requests that the federal court stop the State and Missoula Mental Health from having any further control of his life.  He also requests that the federal court prevent Bob Parcell from harassing him any further.  Plaintiff makes no other specific request for relief.

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE/ PAGE 4

## III.  DISCUSSION

### A.  State of Montana and Missoula Mental Health

The Court characterizes Plaintiff's Complaint as filed pursuant to 42 U.S.C. § 1983.

> To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.

*Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989).  Such characterization is appropriate since Plaintiff names two entities and an individual, allegedly acting under color of state law, who are either depriving him of his liberty to be free from State control, or harassing him in violation of his federal rights.

The Court concludes, however, that as a matter of law this case cannot be pursued under 42 U.S.C. § 1983 at this time. Instead, Plaintiff must first establish the invalidity of his civil commitment, and the invalidity of the alleged custody and control the State of Montana has over him.  At this juncture, Plaintiff can only do that through the state courts, or a subsequent habeas corpus action filed in federal court.

In contrast to a § 1983 action, a federal writ of habeas corpus is used to challenge the fact or duration of a persons' confinement.  Each type of federal claim provides a plaintiff with access to the federal courts for "claims of unconstitutional

treatment at the hands of state officials, but they differ in their scope and operation." *Heck v. Humphrey*, 512 U.S. 477, 480 (1994). In *Heck*, the Supreme Court clarified the distinguishing characteristics of the two actions and held that when a plaintiff brings a § 1983 suit

> the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint **must be dismissed** unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 487 (emphasis added). In such a case, a plaintiff's sole federal remedy is a writ of habeas corpus.

The rule established in *Heck* applies equally to individuals subject to a civil commitment. *Huftile v. Micc*io-Fonseca, 410 F.3d 1136, 1137 (9th Cir. 2005). A court may not grant relief to a plaintiff under § 1983, when granting that relief would imply the plaintiff's civil commitment is invalid. Rather, the lawsuit must be dismissed without prejudice pending the person's proper legal challenge to the validity of the commitment itself. *Id.* at 1141-42.

The sole relief Plaintiff requests in this case is that the Court enjoin the State and Missoula Mental Health from exercising control over his life. A judgment granting such relief in Plaintiff's favor would necessarily, and at this juncture improperly imply that his civil commitment is invalid. *See*

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE/ PAGE 6

*Huftile*, at 1141 (concluding claim challenging the validity of a doctor's report on which a civil commitment was based would necessarily imply the invalidity of the commitment). Such relief cannot be granted unless and until Plaintiff's civil commitment is determined to be invalid through other legal proceedings.[1] *Huftile*, at 1142.

Based on the foregoing, the Court concludes Plaintiff's claims against the State of Montana and Missoula Mental Health are barred by *Heck*. Such claims should be dismissed without prejudice.

### B. Bob Parcell

Plaintiff's allegations against Defendant Parcell amount to a claim alleging harassment or intimidation committed by a state actor. Such a claim is properly analyzed as an alleged violation of the right to substantive due process of law as guaranteed by the Fourteenth Amendment to the U.S. Constitution. *Fontana v. Haskin*, 262 F.3d 871, 881 n.6 (9th Cir. 2001). The standard for such liability is very high, and it is only "behavior by officials that 'shocks the conscience' [which] has been held to

---

[1] Civil commitments made pursuant to state court orders are properly the subject of a habeas corpus petition. *Huftile*, at 1139-40. However, federal habeas petitions can only be heard after a person has exhausted his or her remedies available through the state courts. *Id*. at 1139. There is no suggestion from Plaintiff's Complaint that he has previously exhausted any state court remedies, or that no such remedies are available to him.

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE/ PAGE 7

deprive liberty in violation of the due process clause of the Fourteenth Amendment." *Id*. at 881. *See also County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). Such liability requires conduct that "shocks the conscience and violates the decencies of civilized conduct [...] and was so brutal and offensive that it did not comport with traditional ideas of fair play and decency[.]" *County of Sacramento*, at 847 (internal quotations and citations omitted). "[T]he threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Id*. at 847 n.8.

The only factual matter Plaintiff alleges against Bob Parcell is that he took pictures of Plaintiff while Plaintiff was on public forest service property. As a matter of law, the Court cannot say this allegation, even if accepted as true, rises to the level of conduct which "shocks the conscience". *See County of Sacramento*, at 855 (affirming summary judgment determining as a matter of law that an officer's high speed chase resulting in the death of an innocent passenger did not rise to the level of shocking the conscience). Therefore, Plaintiff has failed to state a claim against Defendant Parcell upon which the injunctive relief Plaintiff requests could be granted, and the claim should be dismissed.

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE/ PAGE 8

Based on the foregoing, the Court hereby enters the following:

### RECOMMENDATION

Plaintiff's claims against Defendants State of Montana and Missoula Mental Health should be **DISMISSED** without prejudice, and Plaintiff's claims against Defendant Parcell should be **DISMISSED.**

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

DATED this   24th   day of August, 2006.

                                           /s/ Jeremiah C. Lynch
                                           Jeremiah C. Lynch
                                           United States Magistrate Judge